Johnson, C. J. This is a motion filed by the attorney general for a rule against the appellant, to show cause why the judgment of the circuit court shall not be affirmed. The reason urged in support of the motion is that the appellant has totally failed to file a transcript of the judgment and proceedings of the court below within the time prescribed by law. The appellant on his part insists that the duty of making out and filing the transcript devolved upon the clerk of the circuit court, and that consequently he was under no legal obligation to concern himself in respect to the matter. The decision of the point thus presented, will necessarily depend upon the construction that shall be given to the several sections of the statute. The 221st and 222d sections of chap. 45, of the Revised Statutes, declare that “ where any appeal shall be taken or writ of error filed, which shall operate as a stay of proceedings, it shall be the duty of the clerk of the circuit court to make out a full transcript of the record in the cause, including the bill of exceptions, judgment and sentence, and certify and return the same to the office of the clerk of the supreme court without delay,” and that “when the appeal or writ of error does not operate as a stay of proceedings, such transcript shall be made out, certified and returned on the application of the appellant or plaintiff in error as in civil cases.” This statute, it is contended, has created two distinct'classes of cases, that in the former it is made the duty of the clerk of the circuit court, and in the latter, that of the appellant or plaintiff in error to file the transcript in this court. If the mere act of taking the appeal operated as a stay of the proceedings, then it was the undoubted duty of the clerk of the circuit court to make out the transcript and return it to the office of the clerk of this court, without delay, and without any application from the appellant. The circuit court had authority, expressly given by the statute, in case there was believed to be probable cause for the appeal, or so much doubt as to render it expedient to take the judgment of this court thereon, to make an order directing that the appeal should operate as a stay of proceedings on the judgment. The record shows that the circuit court, upon granting the appeal, expressly ordered that it should operate as a stay of proceedings on the judgment. It is clear therefore that the appeal itself and not the recognizance subsequently entered into by the appellant operated as a stay of proceedings. The right of the accused to be let to bail by entering into recognizance, has no necessary connection with the execution of the sentence, but is a step subsequently taken, and is designed as another and further privilege of being actually relieved from confinement until the cause shall have undergone a full investigation and been decided by this court. The law contemplates that, as soon as the court ordered that the appeal should operate as a stay of proceedings, that the appellant was remanded to the jail of the county, in which the trial was had, and therefore it was that it was made the duty of the clerk forthwith to make out the transcript and forward it to the clerk of this court. It is not only the interest, but the bo unden duty of the accused in case his sentence is stayed, to prosecute his case or lose the benefit of his appeal. The fact that the clerk is required to make out and forward the transcript to the clerk of this court, was not intended to dispense with the necessity of the attention of the appellant, or to give any extension to his rights in case of a iailure of the clerk to return it within the time prescribed by law. The obvious reason of the difference in the cases, is, that in case the sentence of the law is suspended, the presumption is that the appellant considers himself aggrieved by the decision and that he will, in good faith, prosecute his appe'al and use every possible exertion to reverse the judgment, but in the event that he shall be unable to procure a suspension of the judgment, but is actually suffering the punishment annexed to his crime, the presumptions of law all being against him, it docs not necessarily follow that he will avail himself of his appeal, and therefore it is, that it is not made the imperative duty of the clerk to certify and return the transcript, but it is left to the option of the appellant, whether he will apply for it or not. The duty of the appellant is the same in both cases, with the single exception that in case the execution of the sentence is stayed, it is made the duty of the clerk to certify and return the transcript without any formal application. • The appeal was granted more than thirty days before the next term of this court, and as such was returnable to that term. If the accused really appealed in good faith and desired to take the opinion of this court upon the points involved in his case, it was his duty to have been here either in person or by attorney at the return term, and if he failed to do so, he must abide the consequences of his own negligence. It is urged on the part of the State, that it would be hard and unreasonable to require her to present her certificate of proceedings and pray for an affirmance at the return term, because the attorney general, whose duty it is to represent her interests in this court, is not presumed to be personally present in the court where the conviction is had. To this we answer that the law has established a close and intimate connection between the attorney general and the prosecuting attorneys throughout the several circuits in the State. The State is left without the slightest excuse, in case she shall forfeit any of her legal rights, as she is always prepared with her attorney in every court that can take jurisdiction of her cases. It is most unquestionably the duty of the State’s attorney for the circuit in which any one of her cases shall be tried, to apprize the attorney general of such steps as shall be taken by either party to bring it into this court, and in time too to enable him to see that her rights are fairly and fully represented. The State certainly has but little cause to complain in case she is permitted to come in at the return term and upon the showing required by law to have the judgment affirmed and carried into execution. If this construction of the statute be correct, and that it is, we think, will scarcely admit of a doubt, it is then clear that the motion comes too late and must consequently be overruled. Motion overruled.